Filed 4/30/14  P. v. Brott CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN WILLIAM BROTT,<br><br>        Defendant and Appellant. | A139398<br><br>(Lake County<br>Super. Ct. No. CR930342A) |

John William Brott (appellant) appeals from a judgment entered after he pleaded no contest to one count of second degree robbery (Pen. Code, §211[1]) in one case and to one count of assault with a deadly weapon (§ 245, subd. (a)(1)) in another case, and the trial court sentenced him to a total term of six years in state prison.  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

A first amended complaint was filed September 5, 2012 charging appellant and co-defendant John Chester Cook with first degree burglary (§ 459, subd. (a)(1), count one), two counts of robbery (§ 211, counts two and five), and assault with a deadly weapon, a firearm (§ 245, subd. (a)(2), count three).  Counts four, six, seven and eight

---

[1]All further statutory references are to the Penal Code.

1

were charged only as to Cook.  The enhancements alleged against appellant were that he personally used a shotgun in the commission of these offenses.

After a doubt as to appellant's competency was declared, two psychiatrists were appointed to examine appellant pursuant to section 1369.  Both psychiatrists found appellant incompetent, and both recommended he be treated with antipsychotics.  The trial court ordered that appellant be placed at Napa State Hospital.

When appellant was not transferred to Napa State Hospital, the trial court issued an order to show cause as to why Napa State Hospital should not be held in contempt for its failure to comply with the court's order.  Napa State Hospital admitted appellant approximately one week before the scheduled hearing on the order to show cause, which the trial court then vacated.  Appellant remained at Napa State Hospital for 32 days before he was certified competent pursuant to section 1372 and returned to the trial court.

Shortly thereafter, a settlement was reached whereby appellant pleaded no contest to one count of second degree robbery, for a maximum sentence of five years in prison, in the instant case, case number CR930342A.  A written plea agreement, advisement and waiver of rights was signed and filed in open court by appellant, his counsel and the prosecutor, and the prosecution agreed to dismiss the remaining counts and enhancements against appellant.

In a companion case, case number CR930445, appellant admitted to a separate violation of assault with a deadly weapon (§ 245, subd. (a)(1)) for a maximum term of one additional year (one third the middle term) in state prison.

At sentencing, defense counsel asked the court to consider the two reports finding appellant incompetent and represented to the court that although appellant had greatly improved since his stay at Napa State Hospital, he continued to have periods of incompetency.  Counsel requested a 90-day diagnostic evaluation at Napa State Hospital. Appellant's mother told the court that appellant had not been in trouble until he made a suicide attempt by shooting himself in the head; he had not been the same ever since.

The trial court found appellant was not eligible for probation because appellant had used a deadly weapon and it was not an unusual case that would warrant a grant of

probation. The court found in aggravation that the manner in which the crime was committed indicated planning and sophistication, appellant engaged in violent conduct indicating he was a serious danger to society, and his performance on summary probation for his prior conviction had been unsatisfactory. Appellant's factors in mitigation were that he had an insignificant record of criminal conduct and had voluntarily acknowledged wrongdoing at an early stage of the proceeding, but the court gave those factors minimal weight and indicated that appellant had received a favorable plea bargain.

The court sentenced appellant to the upper term of five years in case number CR930342A and a consecutive term of one year (one third the middle term) in case number CR930445. The court awarded appellant 329 days of credits, including 291 days for actual time under section 2900.5 and 15 percent conduct credits under section 2933.1. The court ordered restitution in the amount of $627 for the robbery and $11,907.13 in the assault case. The court also ordered restitution fines, and additional fees and assessments. Appellant filed a notice of appeal only as to case number CR930342A.

### Case Number CR930342A[2]

On August 23, 2012, Paul Norson was assaulted outside his home by two men wearing black clothing. Cook, who had a handgun, pushed Norson back into his home where he pinned him down in a chair, hit him numerous times with his handgun, and demanded his money. Appellant, armed with a shotgun, also entered the house and ransacked it while Cook attacked the victim. Numerous items were taken which were recovered three days later at appellant's home, along with a shotgun.

### Case Number CR930445

Approximately two months earlier, on June 29, 2012, appellant was involved in an altercation with his former mother-in-law who sought to take back patio furniture that had been left at his house. Appellant's estranged wife, her brother and her mother all showed up for the patio furniture. When appellant did not answer the front door, they went on the back deck to take it. Appellant hit his mother-in-law on her finger with a

_____

[2]The facts for both case numbers CR930342A and CR930445 are taken from the probation report.

3

metal shelf standard, causing significant injuries to her fingers requiring surgery to reattach and repair them. During this same incident, appellant was attacked by his brother-in-law with a baseball bat the brother had brought to the scene.

## DISCUSSION

We have examined the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist. (See *People v. Wende*, *supra*, 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.) There was a factual basis for appellant's plea, and there is no clear and convincing evidence of good cause to allow appellant to withdraw his plea. Appellant was adequately represented by counsel at every stage of the proceedings. There was no sentencing error. There are no issues that require further briefing.

## DISPOSITION

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

4